

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-12-00632-CR
### NO. 02-12-00633-CR

STEVEN IFEOLUWA ADETOMIWA,            APPELLANT
JR. A/K/A STEVEN IFEOLUWN
ADETOMIWA, JR.

V.

THE STATE OF TEXAS                       STATE

----------

## FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

----------

## OPINION

----------

### I. INTRODUCTION

Appellant Steven Ifeoluwa Adetomiwa, Jr. a/k/a Steven Ifeoluwn Adetomiwa, Jr. appeals his convictions for theft from a person and evading arrest

or detention with a vehicle. *See* Tex. Penal Code Ann. §§ 31.03(e)(4)(B), 38.04(b)(2)(A) (West Supp. 2013). We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In trial court cause number 1258203D (our case number 02-12-632-CR), Appellant was indicted for evading arrest or detention with a vehicle. He was seventeen years old at the time of the offense, which occurred on October 17, 2011. He entered into a plea bargain with the State, and after accepting the plea bargain, the trial court assessed a fine of $300 and placed Appellant on deferred adjudication community supervision for three years. On July 26, 2012, the State filed a petition to proceed to adjudication, alleging that Appellant had committed robbery by threat and had failed to submit a urine sample for testing. The State filed an amended petition on November 14, 2012. Appellant pleaded true to both allegations contained in the petition to proceed to adjudication. The trial court found the allegations to be true, adjudicated Appellant's guilt, and sentenced him to five years' confinement.

In trial court cause number 1290602D (our case number 02-12-633-CR), Appellant was indicted for robbery by threat. Appellant entered an open plea of guilty to the lesser offense of theft from a person. The trial court found Appellant guilty and sentenced him to fifteen months' confinement.

Appellant timely filed a motion for new trial in each case. He argued in both motions that his pleas (of true in the evading arrest case and of guilty in the theft case) were not voluntarily made because his trial counsel told him that the

2

trial court would place him on community supervision if he pleaded true and guilty. He also requested that the trial court modify his sentence in each case based on his youth, inexperience, and immaturity and either place him on community supervision or shorten his sentence. After a hearing, the trial court denied both motions.

### III. CONVICTION AND SENTENCE FOR EVADING ARREST NOT VOID

In his first and second issues, Appellant argues that his conviction and sentence for third-degree-felony evading arrest is void because the State pleaded and proved only state-jail-felony evading arrest and because Appellant's five-year sentence exceeds the maximum punishment of two years' confinement for a state jail felony. *See id.* § 12.35(a) (West Supp. 2013) (setting state-jail-felony punishment at confinement in state jail for a term of not more than two years or less than 180 days).[1] The resolution of these issues depends on whether several bills passed in the same legislative session, all amending the evading arrest statute, are reconcilable. Thus, we turn to a history of these bills.

In the 2011 regular session, the legislature passed three bills amending the evading arrest statute. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2320–21 (West) (current version at Tex.

---

[1]As Appellant notes on appeal, a state jail felony shall be punishable as a third degree felony in certain circumstances, none of which are present in this case. *See id.* § 12.35(c) (providing that state jail felony shall be punishable as third degree felony if deadly weapon used or exhibited or if actor has certain prior felony convictions).

Penal Code Ann. § 38.04); Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111 (West) (current version at Tex. Penal Code Ann. § 38.04); Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (West) (current version at Tex. Penal Code Ann. § 38.04). Senate Bill 496 and House Bill 3423 both provide that evading arrest is a state jail felony if the actor uses a vehicle while in flight. However, Senate Bill 1416 provides that evading arrest is a third degree felony if the actor uses a vehicle while in flight. These two differing punishment schemes are both codified in section 38.04:

> (a) A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.
>
> (b) An offense under this section is a Class A misdemeanor, except that the offense is:
>
> *Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 391 (S.B. 496), § 1 and Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4*
>
> (1) a state jail felony if:
>
> > (A) the actor has been previously convicted under this section; or
> >
> > (B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;
>
> (2) a felony of the third degree if:
>
> > (A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or

4

(B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

*Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4 and Acts 2011, 82nd Leg., ch. 920 (S.B. 1416), § 3*

(1) a state jail felony if the actor has been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight;

(B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(C) the actor uses a tire deflation device against the officer while the actor is in flight. . . .

Tex. Penal Code Ann. § 38.04. Thus, if the person uses a vehicle in flight and if the person has not been previously convicted under section 38.04, the offense of evading arrest is a state jail felony under one of the amended versions of section 38.04 (specifically, subsection (b)(1)(B)), but the offense is a third degree felony under the other amended version of section 38.04 (specifically, subsection (b)(2)(A)). *See id.*

These two differing punishment schemes for the same offense appear irreconcilable. However, upon further inspection of each bill, we note that each makes substantive changes that the other does not. That is, Senate Bill 496

5

essentially reenacts the previous punishment scheme but adds "watercraft" to the type of transportation an actor may use "in flight." *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. at 1046. House Bill 3423 also reenacts the previous punishment scheme but adds "federal special investigator" to the type of individual a person may be fleeing from for purposes of the offense. *See* Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. at 2111. Senate Bill 1416 alters the punishment scheme to provide, among other things, that evading arrest is a third degree felony if the actor uses a vehicle in flight (regardless of whether the actor has been previously convicted of evading arrest). *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. at 2320–21.

When deciding issues related to statutory construction, we apply a de novo standard of review, "ascertaining and giving effect to the legislature's intent as expressed by the plain and common meaning of the statute's words." *Hirsch v. State*, 282 S.W.3d 196, 201 (Tex. App.—Fort Worth 2009, no pet.). The Code Construction Act applies to the legislative amendments detailed above. *See* Tex. Gov't Code Ann. §§ 311.001, .002(2) (West 2013). The Act provides, with an exception inapplicable here, that if amendments to the same statute are enacted at the same session, one making no reference to the other, they shall be harmonized if possible to give effect to each. *Id.* § 311.025(b) (West 2013). Section 311.025(c) provides,

6

In determining whether amendments are irreconcilable, text that is reenacted because of the requirement of Article III, Section 36, of the Texas Constitution is not considered to be irreconcilable with additions or omissions in the same text made by another amendment. Unless clearly indicated to the contrary, an amendment that reenacts text in compliance with that constitutional requirement does not indicate legislative intent that the reenacted text prevail over changes in the same text made by another amendment, regardless of the relative dates of enactment.

*Id.* § 311.025(c); *see also* Tex. Const. art. III, § 36 ("No law shall be revived or amended by reference to its title; but in such case the act revived, or the section or sections amended, shall be re-enacted and published at length."); *Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996) (explaining that the purpose of article III, section 36 is for "amended statutes to be re-enacted and published so that their meaning may be known without the necessity of examining the statute amended").

Senate Bill 496 and House Bill 3423 both made a single substantive change to section 38.04, adding the terms "watercraft" and "federal special investigator," respectively, to the statutory language of section 38.04. Senate Bill 1416 made more extensive amendments, altering the punishment scheme. Although none of the amendments recited section 38.04 at full length or stated that it was reenacting the statute, the amendments reenacted and published the bulk of the statute "so that [the amendments'] meaning[s] may be known without the necessity of examining the statute amended." *Rhoades*, 934 S.W.2d at 121; *cf. Hirsch v. State*, 282 S.W.3d 196, 204 (Tex. App.—Fort Worth 2009, no pet.) ("[W]hen the legislature recites a statute at full length while amending it, it

7

'reenacts' the statute, regardless of the terminology it uses to do so."). Because each amendment makes substantive changes that the other does not, the amendments are reconcilable. *See Rhoades*, 934 S.W.2d at 122 (holding that because each amendment made substantive changes that the other did not, there was "no conflict when one comprehends how statutory amendments are achieved"). That is, harmonizing all three amendments to give effect to each, Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight. *See* Tex. Penal Code Ann. § 38.04(b)(2)(A); Tex. Gov't Code Ann. § 311.025(b); *see also* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. at 2320–21.

Even if the amendments to section 38.04 were irreconcilable, "the latest in date of enactment" would prevail. Tex. Gov't Code Ann. § 311.025(b). The date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute. *Id.* § 311.025(d). The last legislative vote taken on Senate Bill 496 was the House vote on May 23, 2011, the last legislative vote taken on House Bill 3423 was the Senate vote on May 24, 2011, and the last legislative vote taken on Senate Bill 1416 was the Senate concurrence with the House amendment on May 27, 2011. *See id.* § 311.025(d). Thus, because the May 27, 2011 vote on Senate Bill 1416 was the last legislative vote taken on all three bills, even if the amendments were irreconcilable, Senate Bill 1416's amendments to section 38.04—amending its punishment scheme to provide that evading arrest

8

is a third degree felony if the actor uses a vehicle in flight—would prevail. *See id.* § 311.025(b), (d).

Here, paragraph one of the indictment for evading arrest alleged that Appellant intentionally fled, using a vehicle, from Officer Hermans, knowing Officer Hermans was a peace officer who was attempting to lawfully arrest or detain Appellant. Paragraph two of that indictment alleged the same offense but named Officer Robinson as the officer attempting to lawfully arrest or detain Appellant. The written plea admonishments identify the offense as a third degree felony. The order of deferred adjudication identifies the "Statute for Offense" as penal code section 38.04(b)(2)(A), which is the amended section for a third degree felony, as amended by Senate Bill 1416. Because Appellant was charged with and convicted of the third-degree-felony offense of evading arrest, and because his five-year sentence is within the punishment range for a third degree felony, we overrule Appellant's first and second issues.

## IV. NO ABUSE OF DISCRETION BY DENYING MOTIONS FOR NEW TRIAL

In his third and fourth issues, Appellant argues that the trial court abused its discretion by denying the portion of his motion for a new trial requesting modification of his sentence in each case.

An appellate court reviews a trial court's denial of a motion for new trial for an abuse of discretion, reversing only if the trial court's ruling was clearly erroneous and arbitrary. *Okonkwo v. State*, 398 S.W.3d 689, 694 (Tex. Crim. App. 2013) (citing *Riley v. State*, 378 S.W.3d 453, 457 (Tex. Crim. App. 2012)).

9

A trial court abuses its discretion if no reasonable view of the record could support its ruling. *Id.* We view the evidence in the light most favorable to the trial court's ruling. *Id.* The trial court, as factfinder, is the sole judge of witness credibility at a hearing on a motion for new trial. *Riley*, 378 S.W.3d at 459. The appellate court must afford almost total deference to a trial court's findings of historical facts as well as mixed questions of law and fact that turn on an evaluation of credibility and demeanor. *Id.* at 458.

A trial court retains plenary power to modify its sentence if a motion for new trial or motion in arrest of judgment is filed within thirty days of sentencing. *State v. Davis*, 349 S.W.3d 535, 537 (Tex. Crim. App. 2011); *State v. Aguilera*, 165 S.W.3d 695, 697–98 (Tex. Crim. App. 2005); *see also* Tex. R. App. P. 21.1(b) (providing for a new trial on punishment); Tex. R. App. P. 21.4(a) (setting forth thirty-day timeline to file motion for new trial after trial court imposes or suspends sentence in open court).

Here, during the hearing on Appellant's motions for new trial, Appellant's trial counsel and Appellant's mother testified. Appellant's trial counsel testified that Appellant's testimony at the December 13, 2012 hearing had gone "very poorly" because Appellant had lied.[2] Appellant initially testified at the December 13 hearing that he did not possess a BB gun when he was arrested for evading

---

[2]The State's petition to proceed with adjudication in the evading arrest case and Appellant's plea and sentencing in the theft case were both heard on December 13, 2012. There is no record of the hearing because Appellant waived a court reporter in both cases.

arrest but admitted to possessing one after the State produced the original offense report, which showed that Appellant had told police that he had pointed a BB gun at another vehicle. Appellant also testified at the December 13 hearing that he had consumed only a little alcohol when he was arrested for evading arrest, but the evidence showed that he was passed out in the car. Appellant's mother testified that several character witnesses planned to testify for Appellant at the hearing on the State's motion to proceed to adjudication but that the hearing was held a day earlier than expected and the witnesses were unable to attend. She testified that Appellant graduated from high school a year early and planned to go to college.

Appellant contends on appeal that he was punished more for lying to the trial court during the hearing than for the underlying offenses. He further argues that the trial court should have modified his sentence because he was under the age of eighteen when he committed both offenses, he had no prior criminal history before his seventeenth birthday, he was a bright student who graduated from high school a year early and planned to attend college, he was active in church, and he came from a good family. In each case, however, Appellant's sentence was within the statutory range. *See* Tex. Penal Code Ann. §§ 12.34, 12.35(a). The trial court's discretion to impose any punishment within the prescribed range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Subject only to a very limited, "exceedingly rare" gross-disproportionality review, a punishment that falls within the legislatively-

11

prescribed range, and that is based upon the sentencer's informed normative judgment, is unassailable on appeal. *Id.* at 323–24.

At the new trial hearing, which comprises seventy-six pages of the record, the trial court went to great lengths to explain why it sentenced Appellant as it did, and the court explained, "We tried the probation the original way and [Appellant] disrespected it by [committing another felony offense]." Viewing the evidence in the light most favorable to the trial court's ruling and affording almost total deference to the trial court's findings of historical fact and mixed questions of law and fact turning on credibility and demeanor determinations, we hold that the trial court did not abuse its discretion by denying Appellant's motions for new trial. *See Okonkwo*, 398 S.W.3d at 694; *Riley*, 378 S.W.3d at 457–59. We overrule Appellant's third and fourth issues.

## V. CONCLUSION

Having overruled Appellant's four issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and WALKER, JJ.

PUBLISH

DELIVERED: January 30, 2014

12