

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00159-CR

**EALON CHARLES SCOTT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 220th District Court
### Hamilton County, Texas
### Trial Court No. CR 7755

## MEMORANDUM OPINION

Ealon Charles Scott was convicted of evading arrest or detention with a vehicle, a third degree felony, and sentenced to 10 years in prison. TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2013). Because Scott failed to meet his burden to show his trial counsel was ineffective and because Scott's sentence was not illegal, the trial court's judgment is affirmed.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

In his first issue, Scott argues that his trial counsel rendered ineffective assistance

by failing to request a mistake of fact instruction in the jury charge.

To prevail on a claim of ineffective assistance of counsel, an appellant must meet the two-pronged test established by the U.S. Supreme Court in *Strickland*: that (1) counsel's representation fell below an objective standard of reasonableness, and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011). Unless appellant can prove both prongs, an appellate court must not find counsel's representation to be ineffective. *Lopez*, 343 S.W.3d at 142. In order to satisfy the first prong, appellant must prove, by a preponderance of the evidence, that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Id*. To prove prejudice, appellant must show that there is a reasonable probability, or a probability sufficient to undermine confidence in the outcome, that the result of the proceeding would have been different. *Id*.

An appellate court must make a "strong presumption that counsel's performance fell within the wide range of reasonably professional assistance." *Id*. (quoting *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006)). Claims of ineffective assistance of counsel are generally not successful on direct appeal and are more appropriately urged in a hearing on an application for a writ of habeas corpus. *Id*. at 143 (citing *Bone v. State*, 77 S.W.3d 828, 833 n. 13 (Tex. Crim. App. 2002)). On direct appeal, the record is usually inadequately developed and "cannot adequately reflect the failings of trial counsel" for

an appellate court "to fairly evaluate the merits of such a serious allegation." *Id.* (quoting *Bone*, 77 S.W.3d at 833 (quoting *Thompson v. State*, 9 S.W.3d 808, 813-814)).

Here, the record is silent as to why counsel did not request a mistake of fact instruction. Further, even if the record was not silent and supported the first prong of the *Strickland* test, Scott fails to argue that there was a reasonable probability the result of his trial would have been different. Instead, he cites to three cases for the proposition that prejudice is presumed. None of the cases cited involved an ineffective assistance claim; rather, the cases involved a question of error and harm when the trial court denied a request for a mistake of fact instruction. Thus, these cases do not support Scott's proposition.

Scott has failed to meet his burden under *Strickland* and his first issue is overruled.

## ILLEGAL SENTENCE

In his second issue, Scott contends that because section 38.04 of the Texas Penal Code contains conflicting penalty provisions for evading with a vehicle, the trial court imposed an illegal sentence by opting for the harsher of the two provisions. An illegal sentence is one that is not authorized by law. *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013). Thus, a sentence that is outside the range of punishment authorized by law is considered illegal. *Id.* Scott argues that because the two punishment provisions conflict, they are irreconcilable; and any doubts in the enforcement of

provisions should be resolved against imposition of a harsher punishment. We disagree with Scott.

In the 2011 regular session, the legislature passed three bills amending the evading arrest statute. *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2320-21 (West) (current version at TEX. PENAL CODE ANN. § 38.04); Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111 (West) (current version at TEX. PENAL CODE ANN. § 38.04); Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046, 1046 (West) (current version at TEX. PENAL CODE ANN. § 38.04). Senate Bill 496 and House Bill 3423 both provided that evading arrest is a state jail felony if the actor uses a vehicle while in flight. However, Senate Bill 1416 provided that evading arrest is a third degree felony if the actor uses a vehicle while in flight. These two differing punishment schemes are both codified in section 38.04:

> (b) An offense under this section is a Class A misdemeanor, except that the offense is:
>
> Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 391 (S.B. 496), § 1 and Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4
>
> (1) a state jail felony if:
>
>> (A) the actor has been previously convicted under this section; or
>>
>> (B) *the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;*
>
> (2) a felony of the third degree if:

(A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or

\*\*\*

Text of subsec. (b)(1), (2) as amended by Acts 2011, 82nd Leg., ch. 839 (H.B. 3423), § 4 and Acts 2011, 82nd Leg., ch. 920 (S.B. 1416), § 3

(1) a state jail felony if the actor has been previously convicted under this section;

(2) *a felony of the third degree if:*

*(A) the actor uses a vehicle while the actor is in flight….*

TEX. PENAL CODE ANN. § 38.04 (West Supp. 2013) (emphasis added).

Although these provisions appear irreconcilable, we agree with the Second Court of Appeals and its reasoning in *Adetomiwa v. State* that they are not. *Adetomiwa v. State*, ___ S.W.3d ___, Nos. 02-12-00632-CR & 02-12-00633-CR, 2014 Tex. App. LEXIS 1039, *6-*9 (Tex. App.—Fort Worth Jan. 30, 2014, no pet. h.). Senate Bill 496 and House Bill 3423 both made a single substantive change to section 38.04, adding the terms "watercraft" and "federal special investigator," respectively, to the statutory language of section 38.04. Senate Bill 1416 made more extensive amendments, altering the punishment scheme. Because each amendment makes substantive changes that the other does not, the amendments are reconcilable. *Adetomiwa*, 2014 Tex. App. LEXIS 1039, *9 (citing *Rhoades v. State*, 934 S.W.2d 113, 122 (Tex. Crim. App. 1996) (holding that because each amendment made substantive changes that the other did not, there was "no conflict

when one comprehends how statutory amendments are achieved.")). Thus, harmonizing all three amendments to give effect to each, Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight. *See id*., TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (West Supp. 2013); TEX. GOV'T CODE ANN. § 311.025(b) (West 2013) ("if amendments to the same statute are enacted at the same session of the legislature, one amendment without reference to another, the amendments shall be harmonized, if possible, so that effect may be given to each"); *see also* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. at 2320-21.

Even if the amendments to section 38.04 were irreconcilable as Scott argues, "the latest in date of enactment" would prevail. TEX. GOV'T CODE ANN. § 311.025(b) (West 2013). The date of enactment is the date on which the last legislative vote is taken on the bill enacting the statute. *Id*. § 311.025(d). Scott acknowledges that the vote on Senate Bill 1416 on May 27, 2011 was the last legislative vote taken on all three bills. Thus, according to the Code Construction Act, Senate Bill 1416's amendments to section 38.04—amending its punishment scheme to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight—prevails. *See id*. § 311.025(b), (d); *see also Adetomiwa*, 2014 Tex. App. LEXIS 1039, *9-10.

Primarily relying on the Court of Criminal Appeals' opinion in *Cuellar v. State*, Scott argues that this cannot be the result. *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim.

App. 2002). However, the opinion in *Cuellar* discussed the effect of a discharge of community supervision and dismissal of an indictment under Article 42.12, Sec. 20 of the Code of Criminal Procedure and is not controlling in this appeal.

Scott was charged with a third degree felony and sentenced within its range. Accordingly, his sentence was not illegal. Scott's second issue is overruled.

Having overruled each issue on appeal, we affirm the trial court's judgment.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed March 27, 2014
Do not publish
[CR25]