# NO. 12-13-00264-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *AARON THOMPSON,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *HOUSTON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Aaron Thompson appeals his conviction for evading arrest or detention with a vehicle. He raises two issues on appeal. We modify and affirm as modified.

### BACKGROUND

A Houston County grand jury indicted Appellant for the offense of evading arrest or detention with a vehicle. Appellant pleaded "not guilty," and a jury trial was held. The jury found Appellant guilty and assessed punishment at two years of confinement and no fine. This appeal followed.

### LEGALITY OF SENTENCE

In his first issue, Appellant contends that his sentence is illegal and void because he received a state jail felony sentence when he "should have been sentenced in the range of punishment for a [third] degree felony." As a result, Appellant contends that he is entitled to a new punishment hearing. The State's brief is silent on this issue.

#### Preliminary Matter

Appellant was charged with evading arrest or detention with a vehicle under Section 38.04 of the Texas Penal Code. *See* TEX. PENAL CODE ANN. § 38.04 (West Supp. 2013).

Multiple amendments were made to this statute during the 2011 legislative session that changed the conduct required for state jail and third degree felonies. *See id.* Therefore, we must first determine whether the offense with which Appellant was charged was a state jail felony or a third degree felony before we address the merits of his argument.

When multiple amendments are made to the same section or subsection of a statute, the courts should harmonize the amendments unless they are irreconcilable. TEX. GOV'T CODE ANN. § 311.025(b) (West 2013); *Burke v. Union Pac. Res. Co.*, 138 S.W.3d 46, 75 (Tex. App.—Texarkana 2004, pet. denied). If the amendments cannot be harmonized, the amendment enacted last will prevail. TEX. GOV'T CODE ANN. § 311.025(b). Statutory interpretation is a question of law, and our review is de novo. *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008).

*The Amendments*

As a result of multiple amendments in the 2011 legislative session, the Texas Penal Code has two different punishment schemes for the offense of evading arrest. Both schemes are codified in Section 38.04. *See* TEX. PENAL CODE ANN. § 38.04. To illustrate the effect of the amendments, we have modified the text of Section 38.04(b) as follows:

> (b) An offense under this section is a Class A misdemeanor, except that the offense is:
>
> . . .
>
>   (1) a state jail felony if:
>
>     (A) the actor has been previously convicted under this section; or
>     (B) the actor uses a vehicle <u>or watercraft</u> while the actor is in flight and the actor has not been previously convicted under this section;
>
>   (2) a felony of the third degree if:
>
>     (A) the actor uses a vehicle <u>or watercraft</u> while the actor is in flight and the actor has been previously convicted under this section; or
>     (B) another suffers serious bodily injury as a direct result of an attempt by the officer <u>or investigator</u> from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

*See* TEX. PENAL CODE ANN. § 38.04 (emphasis added). The underlined text reflects amendments made by House Bill 3423 and Senate Bill 496 during the 2011 legislative session. *See* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Gen. Laws 1046, 1046-47 (West) (to be codified at TEX. PENAL CODE ANN. § 38.04(b)); Act of May 24, 2011, 82nd Leg., R.S., ch. 839,

§ 4, 2011 Tex. Gen. Laws 2110, 2111 (West) (to be codified at TEX. PENAL CODE ANN. § 38.04(b)).  Senate Bill 1416 amended subsection (b) as it pertains to state jail and third degree felony evading arrest as follows:

> (b) An offense under this section is a Class A misdemeanor, except that the offense is:
> (1) a state jail felony if [:
> [(A)] the actor has been previously convicted under this section; [or
> [(B)] the actor uses a vehicle while the actor is in flight and the actor has not been previously convicted under this section,]
> (2) a felony of the third degree if:
> (A) the actor uses a vehicle while the actor is in flight [and the actor has been previously convicted under this section] ; [or]
> (B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or
> (C) the actor uses a tire deflation device against the officer while the actor is in flight . . . .

Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322 (West) (to be codified at TEX. PENAL CODE ANN. § 38.04(b)).

The Fort Worth court of appeals has examined the amendments to Section 38.04 in depth and concluded that the amendments made by Senate Bill 496, House Bill 3423, and Senate Bill 1416 are reconcilable.  *Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.).  We agree.

Each of the amendments made to Section 38.04(b) as they pertain to state jail and third degree felonies for evading arrest affected different parts of subsection (b).  These amendments do not conflict.  Accordingly, they may be read together.  *See* TEX. GOV'T CODE ANN. § 311.025(b); *Burke*, 138 S.W.3d at 75.  Under the amended version of the statute, the offense of evading arrest is a third degree felony if the actor uses a vehicle in flight.  *See* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322 (West) (to be codified at TEX. PENAL CODE ANN. § 38.04(b)); *Adetomiwa*, 421 S.W.3d at 927.

**Unauthorized Punishment**

Appellant was convicted of a third degree felony, but received a sentence of two years in the State Jail Division of the Texas Department of Criminal Justice.  Appellant argues that the place of his imprisonment is part of his sentence, and because he was sentenced to the State Jail Division, his sentence is void.

A sentence is illegal if it is not authorized by law, and is void if it is not within the universe of punishments applicable to the offense. *Ex parte Parrott*, 396 S.W.3d 531, 534 (Tex. Crim. App. 2013); *Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985). Prior to 1985, when a jury rendered a verdict unauthorized by law and the judgment and sentence reflected that verdict, there was no way to cure the infirmity and the judgment and sentence were considered void. *See id.* at 607. But in 1985, the code of criminal procedure was amended to give courts authority to reform judgments containing unauthorized punishments in certain circumstances. *See id.*

Article 37.10 of the code of criminal procedure provides as follows:

> If the jury assesses punishment in a case and in the verdict assesses both punishment that is authorized by law for the offense and punishment that is not authorized by law for the offense, the court shall reform the verdict to show the punishment authorized by law and to omit the punishment not authorized by law. If the trial court is required to reform a verdict under this subsection and fails to do so, the appellate court shall reform the verdict as provided by this subsection.

TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (West 2006).

The punishment range for a third degree felony is imprisonment in the Texas Department of Criminal Justice for any term of not more than ten years or less than two years and a possible fine not to exceed $10,000. TEX. PENAL CODE ANN. § 12.34(a), (b) (West 2011). Here, the jury's verdict states Appellant's punishment as "confinement in the Texas Department of Criminal Justice—State Jail Division for <u>2 years</u> (not less than 180 days nor more than two (2) years[)]; and in addition to such confinement, we assess a fine of <u>$ 0.00</u> ($0.00 -$10,000)." The trial court's judgment reflects the jury's verdict.

The portion of the verdict that reads "confinement in the Texas Department of Criminal Justice—State Jail Division" is unauthorized by law, but the jury's assessment of "2 years" and a fine of "$0.00" is authorized by law because it is within the range of punishment for a third degree felony. *See id.* Therefore, Appellant is correct that there is error in the jury's verdict. However, he also contends that he is entitled to a new punishment hearing due to this error. We disagree. Article 37.10 applies in this case, and authorizes this court to reform the verdict and judgment. *See* TEX. CRIM. PROC. ANN. art. 37.10(b). Accordingly, we sustain Appellant's first issue in part and overrule it in part.

In his second issue, Appellant contends that the trial court erred by denying his request for a directed verdict because there is no evidence that he "drove a vehicle as defined by the Texas Transportation Code." We construe Appellant's argument as a challenge to the sufficiency of the evidence supporting his conviction.[1] Because Appellant's sole contention concerns the meaning of "vehicle" as applied to the evading arrest statute, we limit our analysis accordingly.

**Standard of Review and Applicable Law**

Under the single sufficiency standard, we view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). We defer to the trier of fact's responsibility to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789. Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

"Vehicle" as used in Section 38.04 of the penal code has "the meaning assigned by Section 541.201, Transportation Code." TEX. PENAL CODE ANN. § 38.04(c)(1). Section 541.201(23) defines vehicle as "a device that can be used to transport or draw persons or property on a highway. The term does not include: (A) a device exclusively used on stationary rails or tracks; or (B) manufactured housing as that term is defined by Chapter 1201, Occupations Code." TEX. TRANSP. CODE ANN. § 541.201(23) (West Supp. 2013).

**Discussion**

Appellant used a four-wheeler (ATV) to evade arrest in this case. He contends that the ATV is not a "vehicle" because the evidence "clearly showed the ATV was not to be used for transport or [to] draw[] persons or property on a highway." To support this contention, Appellant cites testimony from Eddie Lehr, the arresting game warden, who confirmed that he had advised Appellant that it was against the law to operate an ATV on a highway. Lehr

---

[1] "The standard of review applicable to a motion for directed verdict is the same as that used in reviewing the sufficiency of the evidence." *Havard v. State*, 800 S.W.2d 195, 199 (Tex. Crim. App. 1989).

testified that under certain circumstances, the operation of an ATV on a roadway is permissible, but those circumstances were not applicable to Appellant's use.

The evidence showed that Appellant and his friend, Rhonda Musick, were pulling the ATV out of a ditch next to Highway 7 in Houston County, Texas, when Lehr arrived. Lehr testified that after he advised Appellant that it was illegal to operate the ATV on a public road, he told Appellant he would follow him back to the house for safety reasons. Lehr testified further that once the ATV was out of the ditch, he said, "I'm going to follow you back now, first house on the right, and [Appellant] said[,] [']that's right,['] and I said [']go slow[']." They had gone only a short distance when Appellant "looked back," "gassed it," and "hit [the] woods." Lehr turned on his siren and followed Appellant because he "knew [Appellant] was running from me." When Lehr finally caught up with him, Appellant told him that the reason he ran was because "he thought I was going to see that [the ATV] was stolen and he got nervous. . . ."

The circumstances under which an ATV may be operated on a roadway, as related by Lehr, are set forth in Section 663.037 of the transportation code. *See generally* TEX. TRANSP. CODE ANN. § 663.037 (West 2011). Although Appellant's operation of the ATV did not occur under any of these circumstances, his impermissible use does not render the transportation code's definition of "vehicle" in Section 541.201(23) inapplicable or meaningless. Appellant's operation of the ATV shows that it "can be used to transport persons . . . on a highway," and Section 663.037 confirms an ATV's capability for such use on public streets, roads, and highways. *See* TEX. TRANSP. CODE ANN. §§ 541.201(23), 663.037. The evidence is sufficient to show that the ATV in this case satisfied the meaning of "vehicle" in Section 541.201(23) of the transportation code. Accordingly, we overrule Appellant's second issue.

### ERROR IN THE JUDGMENT

In reviewing the record, we note that the judgment reflecting Appellant's conviction contains a clerical error not raised by either party. An appellate court has the power to correct and reform a trial court's judgment to make the record "speak the truth" when it has the necessary data and information before it to do so. *Harris v. State*, No. 12-12-00398-CR, 2013 WL 3967744, at *4 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication); *Cobb v. State*, 95 S.W.3d 664, 668 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

Our authority to reform incorrect judgments is not dependent on the request of any party. *See Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.).

Here, the judgment states that the degree of the offense is a "State Jail Felony." As discussed in our analysis of Appellant's first issue, the offense of evading arrest with a vehicle is a third degree felony. Thus, the degree of offense should read "Third Degree Felony."

**DISPOSITION**

We have sustained Appellant's first issue in part and have concluded there is error in the judgment that was not raised by either party. Accordingly, we **reform** the verdict to replace "confinement in the Texas Department of Criminal Justice—State Jail Division" with "imprisonment in the Texas Department of Criminal Justice." *See* TEX. CODE CRIM. PROC. ANN. art. 37.10(b) (authorizing appellate court to reform jury verdict on punishment when jury assesses punishment authorized by law and punishment not authorized by law); *Ex parte Johnson*, 697 S.W.2d at 608. We **modify** the judgment of the trial court by replacing "State Jail Division, TDCJ" with "Texas Department of Criminal Justice Institutional Division," and replacing "State Jail Felony" with "Third Degree Felony" in the "Degree of Offense" portion of the judgment. Having overruled the remaining portion of Appellant's first issue, as well as his second issue, we **affirm** the trial court's judgment **as modified**. *See* TEX. R. APP. P. 43.2(b).

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered July 23, 2014.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### JULY 23, 2014

### NO. 12-13-00264-CR

**AARON THOMPSON,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 3rd District Court

of Houston County, Texas (Tr.Ct.No. 12CR-158)

---

THIS CAUSE came on to be heard on the appellate record and the briefs filed herein; and the same being inspected, it is the opinion of the Court that the trial court's judgment below should be **modified and, as modified, affirmed**.

It is therefore ORDERED, ADJUDGED and DECREED that the trial court's verdict be **reformed** to replace "confinement in the Texas Department of Criminal Justice—State Jail Division" with "imprisonment in the Texas Department of Criminal Justice."

It is further ORDERED, ADJUDGED and DECREED that the trial court's judgment be **modified** by replacing "State Jail Division, TDCJ" with "Texas Department of Criminal Justice Institutional Division," and replacing "State Jail Felony" with "Third Degree Felony" in the "Degree of Offense" portion of the judgment; **and as modified**, the trial court's judgment is **affirmed**; and that this decision be certified to the trial court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*