

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-13-00548-CR

LADELL HUNTER APPELLANT

V.

THE STATE OF TEXAS STATE

----------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 1331476

----------

### MEMORANDUM OPINION[1]

----------

Appellant Ladell Hunter appeals from his conviction for evading arrest with a vehicle.[2] Upon his standing mute, the trial court entered a plea of not guilty on Appellant's behalf, and Appellant pled not true to the deadly weapon allegation.

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. Penal Code Ann. § 38.04(a)–(b)(2)(A) (West Supp. 2014); *Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.).

A jury convicted him of the offense, and, upon his plea of true to the enhancement allegations, the trial court sentenced him to twenty-five years' confinement, the minimum sentence allowed.[3]

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. Counsel's brief and motion meet the requirements of *Anders v. California*[4] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. Although this court gave Appellant the opportunity to exercise his right to review the appellate record and file a pro se response to the *Anders* brief, he did not avail himself of that opportunity. The State likewise did not file a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record.[5] Only then may we grant counsel's motion to withdraw.[6]

We have carefully reviewed counsel's brief and the record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in

[3] *See* Tex. Penal Code Ann. § 12.42(d) (West Supp. 2014).

[4] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[5] *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

[6] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

the record that arguably might support the appeal.[7] Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgment.

PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 7, 2014

---

[7]*See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005).