

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00405-CR

---

MARK MASSIMO CARDARELLI                                           APPELLANT

V.

THE STATE OF TEXAS                                                      STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR13-0129

----------

## MEMORANDUM OPINION[1]

----------

In one point, Appellant Mark Massimo Cardarelli appeals his convictions and sentences for possession of child pornography. We affirm.

### Background Facts

Appellant pleaded guilty to three counts of possession of child pornography, a third-degree felony punishable by imprisonment for any term not

---

[1]*See* Tex. R. App. P. 47.4.

more than ten years or less than two years and a fine not to exceed $10,000. *See* Tex. Penal Code Ann. § 12.34 (West 2011), § 43.26(a) (West Supp. 2014). At the punishment hearing before the trial court, Appellant, his mother, and his psychologist testified. The trial court sentenced Appellant to nine years' confinement on each count, to run concurrently. Appellant then filed this appeal.

**Discussion**

Appellant argues in his sole point that the trial court erred by not considering mitigating evidence presented at the punishment trial and that the sentence was therefore cruel and unusual. The State questions whether Appellant properly preserved his complaints. Appellant did not object at trial to the punishment,[2] and he filed a motion for new trial that stated only, "The conviction and sentence are contrary to the law and evidence." As a general rule, the record must show that the complaint made on appeal was timely made to the trial court "with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." Tex. R. App. P. 33.1. Nothing in Appellant's motion for new trial indicated what Appellant's complaint was regarding the trial court's consideration of the evidence. Appellant therefore did not preserve his complaint.

---

[2]The trial court did not ask Appellant whether he had anything to say why the sentences should not be pronounced against him. *See* Tex. Code Crim. Proc. Ann. art. 42.07 (West 2006).

2

Even if he had, we note that Appellant's sentence falls within the statutory range for his offenses of possession of child pornography. *See* Tex. Penal Code Ann. § 12.34. The factfinder's discretion to impose any punishment within a prescribed statutory range is essentially "unfettered." *Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006). Subject only to an "exceedingly rare" and "somewhat amorphous" gross-disproportionality review required by the Eighth Amendment, a punishment that falls within the legislatively-prescribed range and that is based upon the factfinder's informed normative judgment is unassailable on appeal. *Id.* at 323–24; *Adetomiwa v. State*, 421 S.W.3d 922, 928 (Tex. App.—Fort Worth 2014, no pet.). The trial court heard testimony from Appellant and two other witnesses, and it then recessed to consider the evidence. When the trial judge pronounced sentence he said on the record, "[T]he court has heard from a counselor in this matter, has heard from your mother in this matter. . . . However, when the court takes into context what the allegations against you are, the court just cannot, in good conscience, give a probationary period of time." There was no evidence that the trial court did not consider Appellant's mitigating evidence, nor does his sentence amount to cruel and unusual punishment. We overrule Appellant's sole point.

## Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.

/s/ Lee Gabriel

LEE GABRIEL
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  August 25, 2015