

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00271-CR

GEORGE W. BROWN, JR.                                          APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

----------

### FROM THE 43RD DISTRICT COURT OF PARKER COUNTY
### TRIAL COURT NO. CR16-0134

----------

## MEMORANDUM OPINION[1]

----------

In a single point in this direct appeal, Appellant George W. Brown, Jr.—who entered an open plea and opted to have a jury assess his punishment—complains that his trial counsel was ineffective for not objecting to impeachment evidence used against one of his character witnesses. Because the record does not affirmatively show deficient performance on trial counsel's part, we affirm.

----

[1]*See* Tex. R. App. P. 47.4.

As of the January 2016 car chase that resulted in this case, Brown had racked up six earlier felony convictions in the preceding nine years. A regular methamphetamine user since 2005, Brown agreed that he's "been locked up a lot." He conceded at his punishment trial that he'd been given seven opportunities for probation in the past, only to see each of them revoked.

When he decided to flee from State Trooper Carson Bening shortly after midnight on January 24 rather than be stopped for speeding, Brown had several warrants out, including one for jumping bail on an evading-arrest charge in Kerr County. By the time the nearly half-hour car chase came to an end in Springtown, Brown had reached speeds up to 100 miles an hour on the dark roads around the border of Wise and Parker Counties. In addition to air support's having been called in, nearly ten other law-enforcement personnel had joined in and were on hand for Brown's eventual surrender. One of Brown's few remarks at the scene was to compliment Trooper Bening on some "good driving."

A Parker County grand jury indicted Brown under penal code section 38.04 for evading arrest or detention with a vehicle, enhanced by a prior felony conviction. *See* Tex. Penal Code Ann. §§ 12.42(a) (West Supp. 2016), 38.04(b)(2)(A) (West 2016); *see also Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.). He later entered a written and voluntary confession to that charge and to the enhancement paragraph, acknowledging a possible range of punishment between two and twenty years'

imprisonment and a fine of up to $10,000. Tex. Penal Code Ann. § 12.33 (West 2011).

Before a jury, Brown testified on his own behalf and also put on five character witnesses. Each conceded Brown's troubled past but opined that, in their views, he had now changed.

Defense witness Sharla Dyer was grandmother to Brown's young son, who was only four or five months old when Brown committed his latest offense. Dyer had had her own troubles with the law, a description of one of which—an arrest for "20 cents worth of cocaine"[2]—was elicited on direct examination.

The State's cross-examination reminded Dyer not only that she had a felony conviction for drugs, but that she also had two theft convictions in her past. This is the entirety of the exchange on which Brown bases his appeal:

> Q. Okay. And you've got a couple of theft convictions as well, correct?
>
> A. No, sir. You need to look again.
>
> Q. Oh, I will. How about in Cause No. 43638 in Wise County, did you get convicted up there of a theft case?
>
> A. Oh, it was a check. Over a check, yes. Many years ago. That's like 22, 23 years ago.
>
> Q. And actually, two of those, correct? One there and then one here in Parker County?
>
> A. Yes.

---

[2]Dyer agreed that her reference to "cents" was drug slang for "dollars."

3

It was his trial counsel's failure to object to these three questions that Brown contends tainted the entire proceeding.

At the conclusion of Brown's trial on punishment, the jury rendered a verdict of 16 years' imprisonment (which was within the two-to-twenty range he faced) and a $5,000 fine (half the possible maximum). Brown timely appealed.

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence (1) that his counsel's representation was deficient and (2) that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d 289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the claim's merit. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating counsel's effectiveness under the threshold deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue boils down to whether counsel's assistance was reasonable under all the circumstances and under prevailing professional norms at the time counsel allegedly erred. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*,

4

415 S.W.3d at 307. Appellate review of counsel's representation is highly deferential, and reviewing courts "indulge in a strong presumption that counsel's conduct was *not* deficient." *Nava*, 415 S.W.3d at 307–08 (emphasis in original).

An appellate court cannot infer ineffective assistance based on unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

These principles are precisely why it is a "rare case" in which the trial record alone will support an ineffective-assistance claim. *Id.*

The record here gives no hint about why Brown's trial counsel did not object to the State's cross-examination of Dyer. Because counsel's reason could have been good, bad, or indifferent, and because we are not to speculate about that reason—and indeed are to presume that counsel acted appropriately—we simply cannot find ineffective assistance under this sparse and undeveloped record.

5

Brown has not satisfied the first *Strickland* prong of showing deficient representation. We thus need not reach the second prong, that is, whether Brown's defense was somehow prejudiced.

We overrule Brown's single point of error and affirm the judgment.


/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and KERR, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: April 27, 2017