

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-18-00529-CR

Edward Earldonte **FULTON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CR12590
Honorable Lorina I. Rummel, Judge Presiding

Opinion by: Patricia O. Alvarez, Justice

Sitting: Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed: July 31, 2019

AFFIRMED

Appellant Edward Earldonte Fulton was convicted of evading arrest with a vehicle and pled true to two enhancement paragraphs. On June 28, 2018, the trial court assessed punishment at twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In his sole issue on appeal, Fulton contends the irreconcilable sentencing provisions within Texas Penal Code section 38.04 should limit Fulton's maximum sentence to twenty years' confinement. Because reconciling the 2011 Legislature's provisions within section 38.04 is well settled, we affirm the trial court's judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Shortly after midnight on July 28, 2017, San Antonio Police Officer Hugo Hernandez, and his partner, Officer Sergio Villanueva, initiated a traffic stop of a tan Suburban being driven by Fulton, the sole occupant of the vehicle. Officer Hernandez approached the driver's door; when Fulton failed to timely produce identification, Officer Hernandez reached inside the vehicle through the window, unlocked the doors, and ordered Fulton to exit the vehicle. Fulton began to comply, but then pulled the door shut and sped away. The officers' attempt to catch up to Fulton was unsuccessful.

San Antonio police officers located the vehicle later that same night. Based on the information found in the vehicle, officers connected Fulton to the vehicle. Officer Hernandez immediately identified Fulton, from a mugshot, as the individual that previously evaded arrest. Fulton was subsequently charged by indictment with felony evading arrest with a vehicle; the indictment included two enhancement paragraphs pertaining to punishment.

On June 28, 2018, a Bexar County jury found Fulton guilty. Fulton elected to proceed with sentencing before the trial court. After pleading true to both enhancement paragraphs, the trial court sentenced Fulton, as a habitual offender, to twenty-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice.

On appeal, Fulton contends the multiple sentencing provisions in Texas Penal Code section 38.04 are irreconcilable. He argues that his substantial rights were violated because he was sentenced outside the permissible sentencing range.

## TEXAS PENAL CODE SECTION 38.04

### A. Standard of Review

When deciding issues related to statutory construction, appellate courts apply a de novo standard of review. *Sims v. State*, 569 S.W.3d 634, 640 (Tex. Crim. App. 2019). In doing so, we

"seek to effectuate the 'collective' intent or purpose of the legislators who enacted the legislation." *Id*. (quoting *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)).

**B.      Arguments of the Parties**

Fulton contends the sentencing provisions within Texas Penal Code section 38.04 are irreconcilable and he should have received no more than twenty years' confinement in the Texas Department of Criminal Justice. *See* TEX. PENAL CODE ANN. § 38.04.

The State counters that evading arrest or detention in a motor vehicle—the offense of which Fulton was convicted—is a third-degree felony under section 38.04(b)(2)(A) and thus properly enhanced to the habitual punishment range with two prior convictions. *See id.* at § 38.04(b)(2)(A).

**C.      Texas Penal Code Section 38.04**

In *Ex parte Jones*, the Texas Court of Criminal Appeals addressed the 2011 Legislature's elevation of section 308.04(b)(2)(A)'s punishment for first-time offenders convicted of committing evading arrest with a motor vehicle to a third-degree felony. 440 S.W.3d 628, 629 (Tex. Crim. App. 2014). Jones, indicted for evading arrest with a motor vehicle, challenged the validity of a provision within that amendment that elevated the range of punishment for offenders committing the offense of evading arrest with a motor vehicle without having committed a prior evading arrest. *See id. Compare* TEX. PENAL CODE ANN. § 38.04(b)(2)(A) (punishing offense as third-degree felony), *with* Act of June 19, 2009, 81st Leg., R.S., ch. 1400, 2009 Tex. Gen. Laws 4385, 4386, *amended by* Act of June 17, 2011, 82d Leg., R.S., ch. 920, § 3, 2011 Tex. Gen. Laws 2321, 2322 (punishing offense as state-jail felony). The court explained the provisions' purpose was to increase "criminal penalties for offenses related to motor vehicles to better protect law enforcement and the public from actors who evade arrest. *Jones*, 440 S.W.3d at 630.

Although Fulton contends the different versions are irreconcilable, the amendment can be harmonized "because each amendment makes a substantive chang[e] the other does not."

*Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.). Fulton does not contest the jury's finding that he was intentionally fleeing from a person he knew was a peace officer attempting to lawfully arrest or detain him. *See* TEX. PENAL CODE ANN. § 38.04(a). Fulton also does not challenge the jury's finding that he used a vehicle while committing the offense of evading arrest. This court previously held "[t]he use of a vehicle now elevates evading arrest to a third-degree felony, without the added requirement of proof of a prior conviction." *Franco v. State*, No. 04-13-0096-CR, 2015 WL 3616057, at *4 (Tex. App.—San Antonio June 10, 2015) (mem. op., not designated for publication); *accord Adetomiwa*, 421 S.W.3d at 927.

Because using a vehicle during the commission of evading arrest is a third-degree felony under Texas Penal Code section 38.04(b)(2)(A), we overrule Fulton's sole issue on appeal and affirm the trial court's judgment. *See Jones*, 440 S.W.3d at 629; *Franco*, 2015 WL 3616057, at *4; *Adetomiwa*, 421 S.W.3d at 927.

Patricia O. Alvarez, Justice

Publish