In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-14-00232-CR
_____

THE STATE OF TEXAS, Appellant

V.

KEVIN DASHAWN SNEED, Appellee

_____

On Appeal from the 9th District Court
Montgomery County, Texas
Trial Cause No. 12-12-13526 CR

_____

**MEMORANDUM OPINION**

Kevin Dashawn Sneed pleaded guilty to the third-degree felony of evading arrest or detention with a motor vehicle. The indictment alleged that Sneed used his vehicle as a deadly weapon. After a bench trial on punishment, the trial court made an affirmative deadly weapon finding and sentenced Sneed to ten years in prison. Sneed filed a motion for new trial, which the trial court granted. We construe the State's appeal as presenting two issues challenging the trial court's decision: (1) the evidence supports a deadly weapon finding; and (2) Sneed's

1

offense was properly classified as a third-degree felony. We reverse the trial court's order granting Sneed's motion for new trial and remand the cause to the trial court with instructions to reinstate Sneed's sentence and the deadly weapon finding.

## Standard of Review

We review a trial court's decision to grant a motion for a new trial for an abuse of discretion. *State v. Thomas*, 428 S.W.3d 99, 103 (Tex. Crim. App. 2014). We view the evidence in the light most favorable to the trial court's ruling, defer to the trial court's credibility determinations, and presume that all reasonable findings in support of the ruling have been made. *Id.* at 104. Generally, a trial court does not abuse its discretion if the defendant: "(1) articulated a valid legal claim in his motion for new trial; (2) produced evidence or pointed to evidence in the trial record that substantiated his legal claim; and (3) showed prejudice to his substantial rights[.]" *State v. Herndon*, 215 S.W.3d 901, 909 (Tex. Crim. App. 2007). A trial court abuses its discretion if it grants a new trial for a non-legal or a legally invalid reason. *Thomas*, 428 S.W.3d at 104.

## Basis for New Trial

We first address Sneed's contention that the State's appeal fails to address all grounds for the trial court's order. In his motion for new trial, Sneed argued

2

that: (1) he did not use his vehicle as a deadly weapon; (2) he should have been punished for a state jail felony; and (3) his sentence was too harsh. At the new trial hearing, the trial court expressed concern over the amendments to section 38.04 of the Texas Penal Code regarding classification of the offense. The trial court also explained:

> I am concerned about the definition of the deadly weapon, that it must be used or an object as a deadly weapon -- excuse me. Let me read that again. The actor must use it or the object as a deadly weapon not for some other purpose. . . .
> . . .
>
> It's right here. I've got the definition. Firearm, obviously, or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or -- I think this is the definition we're operating under -- anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.

When ruling on a motion for new trial, the trial court may make oral findings. Tex. R. App. P. 21.8(b). The trial court "may summarize the evidence or explain the basis for granting or denying a motion for new trial[.]" *Herndon*, 215 S.W.3d at 905 n.5. The rationale behind this rule is to "ensure that appellate courts will not need to speculate as to the possible factual findings supporting a trial judge's ruling if the trial judge will articulate them." *Landers v. State*, 256 S.W.3d 295, 301 n.4 (Tex. Crim. App. 2008). The record indicates that the classification of Sneed's offense and the deadly weapon finding were the focus of the new trial

3

hearing and, based on the trial court's explanations at the hearing, these two grounds served as the basis for the trial court's ruling. We conclude that the State addressed the two grounds on which the trial court's order was based.

Deadly Weapon Finding

In issue one, the State contends that the evidence supports a deadly weapon finding and that, even if the evidence is insufficient, the proper remedy is to delete the finding from the judgment rather than grant a new trial on punishment. We must determine whether, viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Sneed used or exhibited his vehicle as a deadly weapon when he was evading arrest or detention. *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009). We consider the manner in which the defendant used the motor vehicle during the offense and whether the motor vehicle was capable of causing death or serious bodily injury. *Id.*; *see* Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2014). If a deadly weapon finding is erroneous, the proper remedy is deletion of the finding from the judgment. *See Plummer v. State,* 410 S.W.3d 855, 856 (Tex. Crim. App. 2013); *Williams v. State,* 970 S.W.2d 566 (Tex. Crim. App. 1998).

According to the record, the trial court's concerns regarding the deadly weapon finding are founded on *Plummer*. In *Plummer*, the defendant wore a

4

holstered firearm and a bullet-proof vest as part of his security-guard uniform, but was charged with and convicted of unlawful possession by a felon of a firearm and possession of body armor. *Plummer*, 410 S.W.3d at 856-57. The trial court entered a deadly weapon finding in the possession-of-body-armor case. *Id.* at 857. The Court of Criminal Appeals held that "there must be some facilitation purpose between the weapon and the associated offense to support a deadly-weapon finding." *Id.* at 856, 864-65. The Court explained that Texas law had expanded the term "deadly weapon" to include "*any* instrument that threatens or causes serious bodily injury, even when the instrument is not inherently or intentionally deadly." *Id.* at 858. According to the Court, this expansion was prompted by cases, including motor vehicle cases, in which "the object was found to be a deadly weapon because it caused or facilitated the injury (or risk of injury) posed by the associated felony." *Id.* at 858-59 (citing *Tyra v. State*, 897 S.W.2d 796 (Tex. Crim. App. 1995) and *Mann v. State*, 58 S.W.3d 132 (Tex. Crim. App. 2001)). The firearm that Plummer possessed was a deadly weapon *per se*, but "did nothing to increase the risk of harm or otherwise contribute to the result of wearing body armor." *Id.* at 865. The firearm was used for a "common purpose—looking like a security guard[.]" *Id.*

In this case, the record demonstrates that Sneed's use of his motor vehicle helped facilitate the commission of evading arrest or detention and was used for more than just its common purpose. *See id*. at 856, 864-65. Deputy Josh Bergland testified that he was conducting a traffic stop of Sneed's vehicle when Sneed drove away from the scene. Bergland testified that during the pursuit, he could barely keep up with Sneed, even while traveling at speeds in excess of one hundred miles per hour. Bergland testified that other drivers were on the road and Sneed was swerving in and out of traffic, causing Bergland concern for himself and other drivers. Deputy Eric Prado testified that Sneed was driving much faster than other vehicles and continued driving even after his tires blew out. Bergland testified that Sneed struck the curb on two occasions, sparks were coming from the vehicle, and it appeared that Sneed failed to stop or slow down at intersections. According to Bergland, the debris from Sneed's vehicle could have punctured one of Bergland's tires and caused Bergland to lose steering ability. Prado testified that he was afraid Sneed might strike another vehicle. Bergland testified that Sneed drove quickly into a nightclub parking lot where other vehicles and people were present. Once Sneed stopped his vehicle, he fled on foot and was later apprehended.

The evidence demonstrates a sufficient showing of actual danger. *See Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). The record

indicates that other motorists were on the road at the same time and place as Sneed and that, after using marihuana, Sneed drove in a dangerous manner, *i.e.*, at excessive speeds, through intersections and an occupied parking lot, with debris and sparks flying from the vehicle, and with blown-out tires. *See id*. Sneed's motor vehicle facilitated the risk of injury posed by the offense of evading arrest or detention. *See Plummer*, 410 S.W.3d at 858-59. Viewing the evidence in the light most favorable to the prosecution, the evidence is sufficient to establish beyond a reasonable doubt that Sneed used his vehicle as a deadly weapon. *See Sierra*, 280 S.W.3d at 255. Therefore, the trial court abused its discretion by granting a motion for new trial on this basis. *See Thomas*, 428 S.W.3d at 104. We sustain issue one.

## Classification of Offense

In issue two, the State contends that evading arrest or detention is a third-degree felony, not a state jail felony. Section 38.04 of the Texas Penal Code addresses the offense of evading arrest or detention. Tex. Penal Code Ann. § 38.04 (West Supp. 2014). Two versions of section 38.04(b) were enacted in 2011. *Id*. § 38.04(b). The first version provides, in pertinent part, that evading arrest or detention is:

> (1) a state jail felony if:
>
>> (A) the actor has been previously convicted under this section; or

(B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section . . . .

*Id.*; *see* Act of May 24, 2011, 82nd Leg., R.S., ch. 839, § 4, 2011 Tex. Sess. Law Serv. 2110, 2111 (House Bill 3423); *see also* Act of May 23, 2011, 82nd Leg., R.S., ch. 391, § 1, 2011 Tex. Sess. Law Serv. 1046 (Senate Bill 496). The second version provides, in pertinent part, that the offense is:

(1) a state jail felony if the actor has been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle while the actor is in flight[.]

Tex. Penal Code Ann. § 38.04(b); *see* Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321 (Senate Bill 1416).

The Fort Worth Court of Appeals has concluded that the versions are reconcilable. *Adetomiwa v. State*, 421 S.W.3d 922, 926 (Tex. App.—Fort Worth 2014, no pet.). The Court explained that Senate Bill 496 and House Bill 3423 reenacted the previous punishment scheme and "made a single substantive change

8

to section 38.04, adding the terms 'watercraft' and 'federal special investigator,' respectively, to the statutory language of section 38.04." *Id*. Only Senate Bill 1416 altered the punishment scheme "to provide, among other things, that evading arrest is a third degree felony if the actor uses a vehicle in flight (regardless of whether the actor has been previously convicted of evading arrest)." *Id*. The Court explained:

> Senate Bill 1416 made more extensive amendments, altering the punishment scheme. Although none of the amendments recited section 38.04 at full length or stated that it was reenacting the statute, the amendments reenacted and published the bulk of the statute "so that [the amendments'] meaning[s] may be known without the necessity of examining the statute amended." Because each amendment makes substantive changes that the other does not, the amendments are reconcilable. That is, harmonizing all three amendments to give effect to each, Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight.

*Id*. at 926-27 (internal citations omitted). The Court added that, even if the amendments were irreconcilable, Senate Bill 1416 was the latest of the three bills to be enacted and would prevail over earlier bills. *Id*. at 927.

We agree with the Fort Worth Court of Appeals's conclusion that the amendments are reconcilable. The offense of evading arrest or detention with a motor vehicle is a third-degree felony if the actor uses a motor vehicle while in flight, regardless of whether the actor has a previous conviction for evading arrest

9

or detention. *See id.* at 926-27; *see also* Tex. Penal Code Ann. § 38.04(b) (version two); Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321. Because Sneed's offense was properly classified as a third-degree felony, Sneed was not entitled to a new trial on grounds that he should have been punished for a state jail felony. *See Thomas*, 428 S.W.3d at 104. We sustain issue two. We reverse the trial court's order granting Sneed's motion for new trial and remand the cause to the trial court with instructions to reinstate Sneed's sentence and the deadly weapon finding.

REVERSED AND REMANDED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on August 28, 2014
Opinion Delivered September 24, 2014
Do Not Publish

Before McKeithen, C.J., Kreger and Horton, JJ.

10