ACCEPTED
06-15-00083-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/2/2015 4:08:59 PM
DEBBIE AUTREY
CLERK

## NO. 06 – 15 – 00083 – CR

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/2/2015 4:08:59 PM
DEBBIE AUTREY
Clerk

IN THE SIXTH DISTRICT COURT OF APPEALS
TEXARKANA, TEXAS

**ROBERT JUSTIN MOORHEAD,**
**Appellant,**

**v.**

**THE STATE OF TEXAS,**
**Appellee**

On appeal from the 188TH District Court, Gregg County, Texas
Trial Court Case No. 44,128-A

## BRIEF OF THE STATE OF TEXAS

## – ORAL ARGUMENT NOT REQUESTED –

**CARL L. DORROUGH**
Criminal District Attorney
Gregg County, Texas

/s/**Zan Colson Brown**
Zan Colson Brown
Texas Bar No. 24051539
Assistant Criminal District Attorney
101 East Methvin St., Suite 333
Longview, Texas 75601
Telephone: (903) 236–8440
Facsimile: (903) 236–3701
Email: zan.brown@co.gregg.tx.us

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................1

INDEX OF AUTHORITIES.........................................................................2

STATEMENT OF FACTS...........................................................................3

SUMMARY OF THE ARGUMENT ...........................................................6

ARGUMENT................................................................................................7

    1) Moorhead's sentence was not illegal............................................7

        A. *Error was not preserved.*..............................................................7

        B. *Appellant has ignored the part of Penal Code Section 38.04 that labels evading arrest as a third degree felony.*............................8

        C. *Appellant has ignored the notice that the State would seek a deadly-weapon finding.* ........................................................13

        D. *Moorhead has not proved he was harmed.* .........................................14

PRAYER ....................................................................................................16

CERTIFICATE OF SERVICE ..................................................................18

CERTIFICATE OF COMPLIANCE ........................................................18

# INDEX OF AUTHORITIES

**STATE CASES**

*Adetomiwa v. State*, 421 S.W.3d 922, 927
(Tex. App.—Fort Worth 2014, no pet)……………………………………11-13

*Delacruz v. State*, 167 S.W.3d 904
(Tex. App.--Texarkana 2005, no pet.). …………………………………..7

*Hirsch v. State*, 282 S.W.3d 196, 204
(Tex. App.—Fort Worth 2009, no pet.)………………………………….10

*Rezac v. State,* 782 S.W.2d 869, 870
(Tex.Crim.App. 1990)………………………………………………….……7

*Rhoades v. State*, 934 S.W.2d 113, 119-120
(Tex. Crim. App. 1996)………………………………………………7, 11

*Scott v. State,* 2014 Tex. App. LEXIS 3380
(Tex. App. Waco Mar. 27, 2014)…………………………………………..11

*State v. Sneed,* 2014 Tex. App. LEXIS 10615
(Tex. App. Beaumont Sept. 24, 2014)…………………………………..11

*Thompson v. State,* 2014 Tex. App. LEXIS 7924, 4-5
(Tex. App. Tyler July 23, 2014)…………………………………………11

*Williamson v. State*, 175 S.W.3d 522, 523-24
(Tex. App.--Texarkana 2005, no pet.)………………………………….7
.

**STATUTES**

Tex. Gov't Code Ann. § 311.025(b)………………………………12

Tex. Penal Code § 38.04 (a) and (b) (2 versions)

    (Vernon Supp, 2014) ………………...…………………………..…..7-12

**OTHER REFERENCES**

Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. at 2320-21…………………………………………………….12-13

# STATEMENT OF FACTS

ROBERT JUSTIN MOORHEAD ("Appellant") was charged by Indictment with (Count I) aggravated assault against his ex-girlfriend Brittani Henry by striking her Dodge Durango with his truck, and then (Count II) fleeing, in a vehicle, from Brady Middlebrooks, a peace officer who was attempting lawfully to arrest or detain him. CR 5. Brittani Henry and Moorhead had one child together, who was in Henry's car at the time of the assault. 3 RR 50-51. The police responding to a 911 call from one of Henry's passengers who reported Moorhead's reckless driving. 3 RR 35, 37.

The high-speed chase began just after Moorhead struck Henry's Durango, when Kilgore Police Patrol Officer Brady Middlebrooks saw Moorhead make a left turn around another vehicle that had stopped in the road, fishtailed from one side to the other into the bar ditch and came out of the ditch heading onto Crews Road. 3 RR 66-67. The chase covered over 44 miles at speeds averaging 80 to 90 miles per hour and once reaching 103. 3 RR 68, 79, 84. It ended because Moorhead struck State Trooper Darren Thomas's car to avoid apprehension, and the trooper then saw an opportunity to end the chase by forcing Moorhead's truck off the road. 3 RR 97. The State further alleged that he had used a deadly weapon and that he had been previously convicted of harassment of a public servant. CR 5, 14. The

deadly weapon allegation was in Count I of the indictment, and in a separate notice without specifying which count. CR 5, 14.

After waiving a jury, Moorhead pleaded guilty on both counts and true to the prior conviction. 3 RR 17-18. Before he pleaded guilty, he was admonished as to the consequences of a deadly weapon finding separately on each count. 3 RR 15-16. Moorhead stipulated to both offenses plus the prior conviction and the use of a deadly weapon in each offense. *Id.;* CR 25. Based on his pleas, he was convicted by the Court of Count I, aggravated assault with a deadly weapon (not a firearm), in violation of Texas Penal Code 22.02 (a) (2) and Count II, evading arrest or detention with a vehicle, in violation of Texas Penal Code 38.04 (b) (2) (A). CR 33. The judgment contained a special finding that he had used a deadly weapon, specifically a vehicle, but did not specify to which Count that finding applies. CR 34. The oral pronouncement of the punishment contains a finding of a deadly weapon only as to Count I; as to Count II, the punishment was 15 years "for the evading case." 3 RR 41, 42. No objection was made to these findings, neither at the trial nor in a motion for new trial. CR 37.

## SUMMARY OF THE ARGUMENT

Appellant has not preserved error regarding the legality of the sentence.

The offense of evading arrest with a vehicle is a third-degree felony, regardless of whether the offender has a prior conviction under the same chapter. Because Moorhead did have a prior felony conviction, the punishment range was enhanced to that of a second-degree felony. Thus, a fifteen-year sentence was authorized on the evading-with-a-vehicle charge.

The deadly-weapon finding was authorized on either count; Moorhead used the same truck to strike Henry's car and to flee from Officer Middlebrooks and Trooper Thomas, without a stop between crimes, and the dangerous nature of his driving made his truck a deadly weapon throughout the episode. Even if the judge erred in not specifically mentioning a deadly-weapon finding as to Count II, Moorhead was not harmed. His two sentences will run concurrently and a finding of a deadly weapon on one of them means that he must serve a certain portion of that sentence before becoming parole-eligible. If he is not eligible for parole on only one of two concurrent sentences, he will not be paroled on the other.

## ARGUMENT

### 1) Moorhead's sentence was not illegal.

### A.    Error was not preserved.

On appeal, Appellant contends that the punishment assessed is illegal.  To preserve a complaint for appellate review, Appellant must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for the desired ruling, or the complaint must be apparent from the context.  *See* TEX. R. APP. P. 33.1(a)(1).

"For an issue to be preserved for appeal, there must be a timely objection which specifically states the legal basis for that objection. *Rhoades v. State*, 934 S.W.2d 113, 119-120 (Tex. Crim. App. 1996 citing *Rezac v. State,* [*120] 782 S.W.2d 869, 870 (Tex.Crim.App. 1990)). No relevant request, objection or motion was made at trial. Since appellant is raising this argument for the first time on appeal, his claimed error is waived.

A motion for new trial is one appropriate way to preserve a claim for review. *See Williamson v. State*, 175 S.W.3d 522, 523-24 (Tex. App.--Texarkana 2005, no pet.); *Delacruz v. State*, 167 S.W.3d 904 (Tex. App.--Texarkana 2005, no pet.). However, the motion for new trial did not mention any illegal sentence.   The only two complaints in the motion for new trial were these:

1. There has been material error committed that is calculated to injure the rights of Defendant.

2. Both the guilt/innocence verdict and the punishment verdict are contrary to the law and the evidence in this case.

CR 37. Neither of these is specific enough to put the court on notice of his complaint on appeal that the fifteen-year sentence is illegal. Appellant did not preserve error by timely trial objection nor in his motion for new trial.

**B. Appellant has ignored the part of Penal Code Section 38.04 that labels evading arrest as a third degree felony.**

Moorhead states that the trial court thought evading arrest with a motor vehicle was a third-degree felony. 3 RR 13. The court was correct. Moorehead, on the other hand, claims that evading with a motor vehicle is only a state jail felony. See Appellant's Brief at 6. He argues that the indictment alleges neither a previous evading conviction nor any serious bodily injury, and one of those is necessary to elevate it to a third-degree felony. Appellant's Brief at 6-7. Moorhead's claims in this regard are founded on only one version of 38.04 (b). Penal Code 38.04 (b) [version one]. Two versions of 38.04 (b) were passed in 2011. Moorhead refers the court to only one version of section 38.04 (b) (1) of the Penal Code, and ignores version two, the pertinent part of the statute. He further ignores case law which has interpreted the statute to support the trial court's ruling.

The following are the two versions of §38.04 (b) passed in 2011:

§ 38.04. Evading Arrest or Detention

(a) A person commits an offense if he intentionally flees from a person he knows is a peace officer or federal special investigator attempting lawfully to arrest or detain him.

(b) **[2 Versions: As amended by Acts 2011, 82nd Leg., chs. 391 and 839]** An offense under this section is a Class A misdemeanor, except that the offense is:

(1) a state jail felony if:

(A) the actor has been previously convicted under this section; or

(B) the actor uses a vehicle or watercraft while the actor is in flight and the actor has not been previously convicted under this section;

(2) a felony of the third degree if:

(A) the actor uses a vehicle or watercraft while the actor is in flight and the actor has been previously convicted under this section; or

(B) another suffers serious bodily injury as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(3) a felony of the second degree if another suffers death as a direct result of an attempt by the officer or investigator from whom the actor is fleeing to apprehend the actor while the actor is in flight.

(b) **[2 Versions: As amended by Acts 2011, 82nd Leg., ch. 920]** An offense under this section is a Class A misdemeanor, except that the offense is:

(1) a state jail felony if the actor has been previously convicted under this section;

**(2) a felony of the third degree if:**

**(A) the actor uses a vehicle while the actor is in flight;**

(B) another suffers serious bodily injury as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(C) the actor uses a tire deflation device against the officer while the actor is in flight; or

(3) a felony of the second degree if:

(A) another suffers death as a direct result of an attempt by the officer from whom the actor is fleeing to apprehend the actor while the actor is in flight; or

(B) another suffers serious bodily injury as a direct result of the actor's use of a tire deflation device while the actor is in flight.

. . . .

Tex. Penal Code § 38.04 (a) and (b) (2 versions) (Vernon Supp, 2014) (emphasis added).

The judge correctly relied on the second version of subsection (b) of the statute when he declared Moorhead's offense to be a third-degree felony, enhanced to a second degree felony by his prior conviction for harassment of a public servant. While the two versions seem to differ as to whether a prior conviction has to be "under this statute" to elevate the evading to a third

degree felony, at least one appellate court ruled in a published opinion that even a first evading-in-a-vehicle offense is a third degree felony, and three other courts have agreed in unpublished opinions. *Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth 2014, no pet.); *Scott v. State,* 2014 Tex. App. LEXIS 3380 (Tex. App. Waco Mar. 27, 2014); *Thompson v. State,* 2014 Tex. App. LEXIS 7924, 4-5 (Tex. App. Tyler July 23, 2014); *State v. Sneed,* 2014 Tex. App. LEXIS 10615 (Tex. App. Beaumont Sept. 24, 2014). The *Adetomiwa* case, published by a sister court, is offered not as binding precedent, but rather for its thorough discussion of how it harmonized the two seemingly different versions of § 38.04 (b).

> Senate Bill 496 and House Bill 3423 both made a single substantive change to section 38.04, adding the terms "watercraft" and "federal special investigator," respectively, to the statutory language of section 38.04. Senate Bill 1416 made more extensive amendments, altering the punishment scheme. Although none of the amendments recited section 38.04 at full length or stated that it was reenacting the statute, the amendments reenacted and published the bulk of the statute "so that [the amendments'] meaning[s] may be known without the necessity of examining the [] statute amended." [*Rhoades v. State*, 934 S.W.2d 113, 121 (Tex. Crim. App. 1996); *cf. Hirsch v. State*, 282 S.W.3d 196, 204 (Tex. App.—Fort Worth 2009, no pet.)].("[W]hen the legislature recites a statute at full length while amending it, it 'reenacts' the statute, regardless of the terminology it uses to do so."). Because each amendment makes substantive changes that the other does not, the amendments are reconcilable. See *Rhoades*, 934 S.W.2d at 122 (holding that because each amendment made substantive changes that the

other did not, there was "no conflict when one comprehends how statutory amendments are achieved"). That is, **harmonizing all three amendments to give effect to each,** Senate Bill 1416 amended the punishment scheme of section 38.04 to provide that **evading arrest is a third degree felony if the actor uses a vehicle in flight**. See Tex. Penal Code Ann. § 38.04(b)(2)(A); Tex. Gov't Code Ann. § 311.025(b); see also Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. at 2320-21.

*Adetomiwa v. State*, 421 S.W.3d 922, 926-927 (Tex. App. Fort Worth 2014) (emphasis added).

The Fort Worth Court of Appeals went on to point out that the latest of the three amendments to 38.04 would prevail, even if the three were not reconcilable.

Even if the amendments to section 38.04 were irreconcilable, "the latest in date of enactment" would prevail. Tex. Gov't Code Ann. § 311.025(b). The date of enactment is the date on which the last legislative vote [] is taken on the bill enacting the statute. Id. § 311.025(d). The last legislative vote taken on Senate Bill 496 was the House vote on May 23, 2011, the last legislative vote taken on House Bill 3423 was the Senate vote on May 24, 2011, and the last legislative vote taken on Senate Bill 1416 was the Senate concurrence with the House amendment on May 27, 2011. See id. § 311.025(d). Thus, because the May 27, 2011 vote on Senate Bill 1416 was the last legislative vote taken on all three bills, even if the amendments were irreconcilable, Senate Bill 1416's amendments to section 38.04— amending its punishment scheme to provide that evading arrest is a third degree felony if the actor uses a vehicle in flight—would prevail. See id. § 311.025(b), (d).

*Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App. Fort Worth 2014).

Contrary to Moorhead's appellate position, four courts of appeals have held that evading arrest or detention with a vehicle is a third-degree felony if the accused used a motor vehicle in flight, even if the driver had no previous conviction for evading arrest or detention. Tex. Penal Code Ann. § 38.04(b) (version two); Act of May 27, 2011, 82nd Leg., R.S., ch. 920, § 3, 2011 Tex. Sess. Law Serv. 2320, 2321. The State urges this Court to follow the reasoning of those Courts.

**C.      Appellant has ignored the notice that the State would seek a deadly-weapon finding.**

Moorhead correctly states that the indictment did not allege facts that would enhance Count II to second degree felony. See Appellant's Brief at 9.  He is incorrect, however in saying the finding is not authorized.  While it is correct that the indictment alleged neither a previous evading conviction nor serious bodily injury, Appellant once again ignores something important.  He fails to mention the Notice of State's Intention to Seek Affirmative Finding of a Deadly Weapon. CR14. The judge mentioned that notice on the record and without objection at the guilty plea. 3 RR 14.  Moorhead knew about the State's plan to produce evidence to support a deadly-weapon finding; he said he understood the Judge's separate admonishment regarding the consequences of such a finding on Counts I and II.   3

RR 16. The State elicited testimony from State Trooper Darren Thomas, who chased and eventually caught Moorhead and provided a video, that Moorhead's truck was a deadly weapon. 3 RR 99-100; SX 6. Thomas' testimony came in without objection. *Id*. Thus, evidence corroborated Moorhead's judicial confession and stipulation of evidence. CR 25. Moorhead did not object at trial and did not specify the deadly-weapon finding as a ground of error in his motion for new trial. CR 37.

The indictment plus the State's notice plus Moorhead's judicial confession and guilty plea, plus Trooper Thomas' testimony, authorized the deadly weapon finding for Count II, which should be upheld.

### D. Moorhead has not proved he was harmed.

This case was indicted as two counts because he committed two crimes in one criminal episode. The encounter between Moorhead and his ex-girlfriend Brittani Henry began as an alleged violation of a restraining order at a public park. 3 RR 22-25, 30, 39, 52. Police could do nothing there, and the two parties left peaceably, but Henry and her companions soon found themselves following or being followed by Moorhead. 3 RR 55-56, 60. Victoria Watkins, Henry's passenger, called 911 and reported Moorhead for reckless driving. 3 RR 36, 43. Police responded, and arrived just after Moorhead rammed his truck into Henry's Durango, which carried Moorhead's own child among other passengers. 3 RR 36,

37, 50-51.   That collision resulted in the aggravated assault charge. As that assault was ending, the police, responding to the 911 call made by Watkins, saw Moorhead take a left turn around another car which was in the intersection at 135 and Crews Road.  Speeds during the chase generally ranged from 80 to 85 miles per hour, once reaching 103.  3 RR 68, 83, 92. Moorhead sometimes moved out of his lane to the shoulder or into oncoming traffic to avoid police cars and spikes that were placed in his path, and eventually the DPS trooper Thomas had to force him off the road. 3 RR 79, 81-82, 90-92, 97.   Those evasive maneuvers resulted in Moorhead being charged with evading with a vehicle.

The vehicle with which he rammed Henry's Durango was the same vehicle with which he evaded arrest.  The episode was one continuous act on Moorhead's part. The vehicle was a deadly weapon when he used it to ram the Durango, and it was the same deadly weapon when he used it to evade arrest.

Appellant attempts to argue error in the finding a deadly weapon from only Count II, alleging on page 8 that the State alleged deadly weapon usage only for Count I.

How can the same vehicle be a deadly weapon at one point of the episode and not a deadly weapon at a later point in the same episode?  How is it error for the judge to find that the vehicle was a deadly weapon when he rammed it into another vehicle, and not mention that the same vehicle was still a deadly weapon when he

endangered the police and the public as he attempted to evade by leading a high-speed chase?

The judge sentenced Moorhead to 15 years for the aggravated assault against Henry and her passengers, affirmatively finding that he used a deadly weapon, and he sentenced Moorhead to 15 years for the evading-arrest-with-a-vehicle, with the sentences to run concurrently. How is Moorhead harmed by the fact that the judge did not mention the deadly weapon finding separately with respect to Count II? He would not spend one more day in prison if the judge had made the finding that the same vehicle was still a deadly weapon while he was evading after he committed the aggravated assault.

Error, if any, was harmless.  No new sentencing hearing is necessary.

**PRAYER**

The judge did not err in assessing, for Count II, a 15-year sentence for a third-degree felony enhanced by a single prior felony conviction.  He likewise did not err in finding that Moorhead used his vehicle as a deadly weapon during his evasion. If the judge erred by not mentioning the deadly weapon finding as to Count II, it was harmless error because he assessed 15 years for each sentence, to run concurrently and the deadly weapon finding as to Count I is undisputed.

16

Respectfully submitted,


/s/**Zan Colson Brown**
Zan Colson Brown
Texas Bar No. 24051539
Assistant District Attorney
101 East Methvin St., Suite 333
Longview, TX  75601
Telephone: (903) 236–8440
Facsimile:  (903) 236–3701

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record by certified mail, return receipt requested and/or facsimile to:

Jonathan Wharton
SNOW E. BUSH, JR., P.C.
420 N. Center Street
Longview, TX 75601
jonathanwharton1@sbcglobal.net

this 2nd day of December, 2015.

/s/**Zan Colson Brown**
Zan Colson Brown
Assistant District Attorney

## CERTIFICATE OF COMPLIANCE

I certify that the **BRIEF OF THE STATE OF TEXAS,** exclusive of the following: caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, statement of procedural history, signature, proof of service, certification, certificate of compliance, and appendix, contains 3,134 words, according to Word software.

**/S/** **ZanColson Brown**
Zan Colson Brown
Assistant District Attorney