# NO. 12-18-00096-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TIMOTHY CRAIG BAILEY,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

The State filed a motion for rehearing, which is granted.  The court's opinion and judgment dated December 12, 2018, are withdrawn, and the following opinion and judgment are substituted in its place.

Timothy Craig Bailey appeals his conviction for evading arrest or detention with a vehicle, for which he was sentenced to imprisonment for twenty-five years.  In two issues, Appellant argues that his sentence is grossly disproportionate to the crime of which he was convicted and the trial court failed to properly admonish him with regard to enhancement allegations.  We affirm.

### BACKGROUND

Appellant was charged by indictment with evading arrest or detention with a vehicle.  The State later gave notice of its intent to submit to the factfinder that Appellant previously was convicted of two felonies—burglary of a habitation and manufacture or delivery of between one and four grams of a controlled substance in Penalty Group 1.  Appellant pleaded "not guilty," and the matter proceeded to a jury trial.

Ultimately, the jury found Appellant "guilty" as charged.  At his trial on punishment, Appellant pleaded "true" to the enhancement allegations, and the jury assessed his punishment at

imprisonment for twenty-five years. The trial court sentenced Appellant accordingly, and this appeal followed.

## CRUEL AND UNUSUAL PUNISHMENT

In his first issue, Appellant argues that his twenty-five year sentence amounts to cruel and unusual punishment. However, Appellant made no timely objection to the trial court raising the issue of cruel and unusual punishment and has, therefore, failed to preserve any such error. *See Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under the Texas Constitution); *Curry v. State*, 910 S.W.2d 490, 497 (Tex. Crim. App. 1995) (waiver with regard to rights under the United States Constitution); *see also* TEX. R. APP. P. 33.1; *Mays v. State*, 285 S.W.3d 884, 889 (Tex. Crim. App. 2009) ("Preservation of error is a systemic requirement that a first-level appellate court should ordinarily review on its own motion[;] . . . it [is] incumbent upon the [c]ourt itself to take up error preservation as a threshold issue."). But even despite Appellant's failure to preserve error, we conclude that the sentence about which he complains does not constitute cruel and unusual punishment.

The Eighth Amendment to the Constitution of the United States provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. AMEND. VIII. This provision was made applicable to the states by the Due Process Clause of the Fourteenth Amendment. *Meadoux v. State*, 325 S.W.3d 189, 193 (Tex. Crim. App. 2010) (citing *Robinson v. California*, 370 U.S. 660, 666–67, 82 S. Ct. 1417, 1420–21, 8 L. Ed. 2d 758 (1962)).

The legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.–Texarkana 1995, pet. ref'd); *see also Simmons v. State*, 944 S.W.2d 11, 15 (Tex. App.–Tyler 1996, pet. ref'd). Courts have repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664.

In the case at hand, Appellant was convicted of evading arrest or detention with a vehicle, the punishment range for which, considering enhancements, is twenty-five to ninety-nine years. *See* TEX. PENAL CODE ANN. §§ 12.42(d) (West Supp. 2018); 38.04(b)(2) (West 2016).[1] Thus, the

---

[1] During the 2011 legislative session, Section 38.04 of the Texas Penal Code was amended multiple times, resulting in two different punishment schemes. Both punishment schemes remain codified in Section 38.04 to this

sentence imposed by the trial court falls within the range set forth by the legislature. Therefore, the punishment is not prohibited as cruel, unusual, or excessive per se.

Nonetheless, Appellant contends that his sentence is grossly disproportionate to the crime of which he was convicted. Under the three part test originally set forth in *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983), the proportionality of a sentence is evaluated by considering (1) the gravity of the offense and the harshness of the penalty, (2) the sentences imposed on other criminals in the same jurisdiction, and (3) the sentences imposed for commission of the same crime in other jurisdictions. *Id.*, 463 U.S. at 292, 103 S. Ct. at 3011. The application of the *Solem* test has been modified by Texas courts and the Fifth Circuit Court of Appeals in light of the Supreme Court's decision in *Harmelin v. Michigan*, 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991) to require a threshold determination that the sentence is grossly disproportionate to the crime before addressing the remaining elements. *See, e.g., McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992), *cert. denied*, 506 U.S. 849, 113 S. Ct. 146, 121 L. Ed. 2d 98 (1992); *see also Jackson v. State*, 989 S.W.2d 842, 845–46 (Tex. App.–Texarkana 1999, no pet.).

We first must determine whether Appellant's sentence is grossly disproportionate. In so doing, we are guided by the holding in *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980). In *Rummel*, the Supreme Court addressed the proportionality claim of an appellant who received a mandatory life sentence under a prior version of the Texas habitual offender statute for a conviction of obtaining $120.75 by false pretenses. *See id.*, 445 U.S. at 266, 100 S. Ct. at 1135. A life sentence was imposed because the appellant also had two prior felony convictions—one for fraudulent use of a credit card to obtain $80.00 worth of goods or services and the other for passing a forged check in the amount of $28.36. *Id.*, 445 U.S. at 265–66, 100 S. Ct. at 1134–35. After recognizing the legislative prerogative to classify offenses as felonies and, further, considering the purpose of the habitual offender statute, the court determined that the appellant's mandatory life sentence did not constitute cruel and unusual punishment. *Id.*, 445 U.S. at 284–85, 100 S. Ct. at 1144–45.

---

day. *See* Tex. Penal Code Ann. § 38.04. The Fort Worth Court of Appeals analyzed this variance and concluded the statutory amendments were capable of being harmonized pursuant to the Texas Code Construction Act. *See Adetomiwa v. State*, 421 S.W.3d 922, 925–27 (Tex. App.–Fort Worth 2014, no pet.). The court further noted that even if the amendments were irreconcilable, the amendment making the offense a third degree felony in a situation where the defendant used a motor vehicle without having been previously convicted of the same offense, was the final amendment of the legislative session and would be the prevailing amendment under Section 311.025(b) and (d) of the Texas Code Construction Act. *See id.* We agree. *See Thompson v. State*, No. 12-13-00264-CR, 2014 WL 3662239, at *1–2 (Tex. App.–Tyler July 23, 2014, no pet.) (mem. op., not designated for publication).

In the case at hand, the offense committed by Appellant—evading arrest or detention with a vehicle with two prior felony convictions—is more serious than the combination of offenses committed by the appellant in *Rummel*, while Appellant's twenty-five year sentence is less severe than the life sentence upheld by the Supreme Court in *Rummel*. Thus, it is reasonable to conclude that if the sentence in *Rummel* was not unconstitutionally disproportionate, then neither is the sentence assessed against Appellant in the case at hand. Therefore, since the threshold test has not been satisfied, we need not apply the remaining elements of the *Solem* test. *See McGruder*, 954 F.2d at 316; *see also Jackson*, 989 S.W.2d at 845–46. Appellant's first issue is overruled.

### VOLUNTARINESS OF PLEAS TO ENHANCEMENT ALLEGATIONS

In his second issue, Appellant argues that the trial court failed to make proper inquiries pursuant to Texas Code of Criminal Procedure, Article 26.13, thereby rendering involuntary his pleas of "true" to the enhancement allegations. Specifically, Appellant contends that the trial court failed to admonish him as to the range of punishment with the enhancements and to inquire into his competency to enter the plea.

Article 26.13 provides that prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of the range of punishment attached to the offense. *See* TEX. PENAL CODE ANN. § 26.13(a)(1) (West Supp. 2018). Moreover, no plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary. *Id.* § 26.13(b).

"However, it is well established that the provisions of Article 26.13, including the requirement that a defendant be admonished on the range of punishment, apply only to pleas of guilty or nolo contendere to the charged offense, not to pleas of true to allegations in the enhancement paragraphs." *Simmons v. State*, No. 03-14-00707-CR, 2017 WL 1130372, at *2 (Tex. App.–Austin Mar. 23, 2017, no pet.) (mem. op., not designated for publication); *see also Brazell v. State*, 828 S.W.2d 580, 582–83 (Tex. App.–Austin 1992, pet. ref'd).

Here, Appellant pleaded "not guilty," and was tried by a jury. Because the provisions of Article 26.13 do not apply to pleas of "true," to enhancement allegations, we hold that the trial court was not required to admonish Appellant at this stage in the proceedings. Appellant's second issue is overruled.

4

## DISPOSITION

Having overruled Appellant's first and second issues, we *affirm* the trial court's judgment.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered March 12, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS
## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# JUDGMENT

**MARCH 12, 2019**

**NO. 12-18-00096-CR**

**TIMOTHY CRAIG BAILEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd Judicial District Court
of Anderson County, Texas. (Tr.Ct.No. 3CR-17-33121)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*