

# NUMBER 13-22-00611-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**BRETT ORTH A/K/A**
**BRETT RONALD ORTH,**                     **Appellant,**

**v.**

**THE STATE OF TEXAS,**                     **Appellee.**

**On appeal from the 82nd District Court**
**of Falls County, Texas.**

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Longoria**

On November 14, 2019, appellant Brett Orth a/k/a Brett Ronald Orth pleaded guilty to the offense of evading arrest in a motor vehicle, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A). The trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for a term of three years. On

June 9, 2022, appellee the State of Texas filed a motion to proceed with adjudication, alleging that Orth had violated numerous terms of his deferred adjudication community supervision. After a hearing on July 28, 2022, the trial court found that appellant violated a term of his deferred adjudication community supervision, adjudicated appellant guilty of evading arrest in a motor vehicle, and sentenced appellant to eight years' confinement in the Correctional Institutions Division of the Texas Department of Criminal Justice. Appellant's court-appointed counsel has filed an *Anders* brief stating that there are no arguable grounds for appeal. *See Anders v. California*, 386 U.S. 738, 744 (1967). We affirm the trial court's judgment as modified.[1]

## I.  ANDERS BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel filed a brief and an amended motion to withdraw with this Court, stating that his review of the record yielded no grounds of reversible error upon which an appeal could be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 406 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities." (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi–Edinburg 2003, no pet.))); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE Ann. §73.001.

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Appellant's counsel also informed this Court in writing that he: (1) notified appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) provided appellant with copies of both pleadings; (3) informed appellant of his right to file a pro se response, to review the record prior to filing those responses, and to seek discretionary review if we conclude that the appeal is frivolous; and (4) provided appellant with the appellate record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319–20, 320 n.22; *see also In re Schulman*, 252 S.W.3d at 408–09. Appellant did not file a pro se response.

## II.     INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe*, 178 S.W.3d at 827–28 ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirements of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 511.

3

### III.   MODIFICATION OF TRIAL COURT'S JUDGMENT

"[A]ppellate courts are authorized to reform judgments and affirm as modified in *Anders* cases involving non-reversible error." *Mitchell v. State*, 653 S.W.3d 295, 297 (Tex. App.—Texarkana 2022, no pet.) (collecting cases that have modified judgments in *Anders* cases). At the hearing on the State's motion to proceed with an adjudication of guilt, appellant pleaded not true to the State's six alleged violations of the community supervision order, and the trial court found that one of the allegations was true. Nevertheless, although the trial court's written judgment adjudicating guilt correctly recites which of the State's allegations the trial court found to be true, it incorrectly recites that appellant pleaded true to the State's allegations. The judgment adjudicating guilt has an entry under "Plea to Motion to Adjudicate" that recites "True". We modify the judgment adjudicating guilt by changing the recited entry under "Plea to Motion to Adjudicate" to "Not True."

The judgment adjudicating guilt also has an entry under "Statute for Offense" that recites "38.04 Penal Code." The offense as charged in the indictment, and for which appellant was found guilty, requires elements in addition to that required under § 38.04 of the Texas Penal Code. The correct statute is § 38.04(a), (b)(2)(A). *See Adetomiwa v. State*, 421 S.W.3d 922, 927 (Tex. App.—Fort Worth, 2014 no pet.) (holding that legislative amendments creating § 38.04(b)(2)(A) in 2011 provided that the offense of evading arrest or detention, where the accused uses a motor vehicle in his or her flight, is a third-degree felony); *see also Scott v. State*, No. 10-13-00159-CR, 2014 WL 1271756, *2 (Tex. App.—Waco March 27, 2014, no pet.) (mem. op., not designated for publication) (agreeing and

4

following *Adetomiwa's* reasoning). Consequently, we modify the judgment adjudicating guilt by changing the recited entry under "Statute for Offense" to "38.04(a), (b)(2)(A)."

## IV.    MOTION TO WITHDRAW

In accordance with *Anders*, appellant's counsel has asked this Court for permission to withdraw as counsel. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17. We grant counsel's amended motion to withdraw. Within five days from the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 411 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V.    CONCLUSION

We affirm the trial court's judgment as modified.

NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
20th day of July, 2023.

---

[2] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the Clerk of the Texas Court of Criminal Appeals. *See id.* R. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See id.* R. 68.4.